IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JARMAL JABBAR SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 19-0091-TFM-MU |
| | ) | |
| STEVE MARSHALL, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jarmal Jabbar Sanders, proceeding *pro se*, instituted this action

by filing a complaint against Cynthia Pettaway, challenging the constitutionality of

actions taken by her at the Dallas County Democratic Executive Committee office

in Selma, Alabama. (Doc. 1). Subsequently, Plaintiff filed an Amended Complaint

naming Alabama Attorney General Steve Marshall, Alabama Secretary of State

John Merrill, and the City of Selma as defendants and eliminating Cynthia

Pettaway as a defendant. (Doc. 9). This case was referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule

72(a)(2)(S) for appropriate action. (Doc. 12). For the reasons set forth below, it is

recommended that this action be dismissed without prejudice.

## DISCUSSION

Plaintiff's action seemingly arises out of his attempt to qualify as a

Democratic candidate for Dallas County Judge of Probate. (Doc. 9). In his

Amended Complaint, Plaintiff alleges that the qualifying fee charged by the

Dallas County Democratic Executive Committee is unconstitutional because it is

excessive and discriminatory. (*Id*. at pp. 1-2). However, he did not name the Dallas County Democratic Executive Committee or any member thereof as a defendant. He also alleges that, when he went to the Dallas County Democratic Executive Committee office to qualify as a candidate, he overheard the committee chairwoman, Cynthia Pettaway, tell someone that a group of people, including Marshall, Merrill, and certain officials of the City of Selma, made an arrangement to keep him off of the Democratic ballot in retaliation for actions he has taken and in retaliation for him being in a "different social class." (*Id*. at pp. 5-6). He further alleges that this "arrangement" constituted discrimination against "morality, upright and reasonable judgment as an idea." (*Id*. at p. 6). Plaintiff's Amended Complaint contained no statement setting forth the relief requested, and it was not signed by Plaintiff. (*See id*.).

Because the Court's initial review of the amended complaint revealed that it was deficient in several respects, on April 4, 2019, the Court ordered Plaintiff to refile his complaint to cure the deficiencies no later than May 6, 2019. (Doc. 15). As of the date of this Report and Recommendation, Plaintiff has not refiled his complaint in accordance with that order. (Docket Sheet). Plaintiff was warned that failure to comply with the Court's order on or before May 6, 2019 would result in a recommendation that his action be dismissed for failure to prosecute and follow the Court's order. (Doc. 15 at p. 3).

The only claim asserted by Plaintiff is his vague allegation, which is admittedly based totally on hearsay, that Alabama Attorney General Steve Marshall, Alabama Secretary of State John Merrill, and two officials of the City of

Selma, the mayor and the city attorney, had an arrangement with non-parties

Pettaway, Nancy Worley, the Democratic Party Chairperson for the state of

Alabama, and Donna Brazile, the Chair of the Democratic National Committee, to

keep him off of the Democratic ballot. (Doc. 9 at p. 5). According to Plaintiff, he

overheard Pettaway tell this other unnamed person that the arrangement was

made and driven by Selma Mayor Darrio Melton "as retaliation for [Plaintiff]

taking legal action against the City of Selma for failure to bring kidnapping

charges against a security officer at the local Walmart Store and failing to bring

criminal charges against a crackhead … [who] is part of the 'snitch squad' inside

the Selma Police department whom had violated [his] civil rights." Plaintiff

concluded that this arrangement "was not only retaliation against [him] for being

in a different social class but it also confirmed for [him] that the discrimination

went beyond social class, the discrimination arrived at discrimination against

morality, upright and reasonable judgment as an idea." (*Id.* at pp. 5-6).

Even though it was certainly questionable whether Plaintiff could assert a

viable federal claim against these defendants based on these allegations, the

Court, taking into account his *pro se* status, allowed him an opportunity to set

forth facts in support of his complaint, to clarify his claims against each of the

three defendants, to set forth the basis for federal jurisdiction, to set forth the

requested relief, and to sign his complaint. (Doc. 12). Plaintiff did not do so. As

the complaint currently stands, it does not set forth sufficient facts and/or claims

to meet even the liberal pleading standards accorded to *pro se* plaintiffs. *See*

*Burch v. Wheat Street Towels*, No. 19-10049, 2019 WL 1816026, at *1 (11th Cir.

3

Apr. 25, 2019). The court must dismiss a complaint filed *in forma pauperis* if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Even though *pro se* complaints should be liberally construed and subject to a less stringent standard than those drafted by lawyers, the complaint must still allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be "plausible on its face," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is well-established that the plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Plaintiff's amended complaint does not meet even the less stringent standard.

## CONCLUSION

Because of Plaintiff's failure to set forth a basis for federal jurisdiction, any claim upon which relief may be granted, and a request for relief in the amended complaint he has filed, his failure to sign his amended complaint, his failure to comply with the Court's April 4, 2019 order, and his failure to prosecute this action, upon consideration of the alternatives that are available to the Court, it is **recommended** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family*

4

*Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

6

determination is found. An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **7th** day of **June, 2019**.

            /s/ P. Bradley Murray
            **P. BRADLEY MURRAY**
            **UNITED STATES MAGISTRATE JUDGE**