# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| JARMAL JABBAR SANDERS, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 1:19-cv-91-TFM-MU |
| STEVE MARSHALL, *et al.,* | : |
| Defendants. | : |

## **MEMORANDUM OPINION AND ORDER**

On June 7, 2019, the Magistrate Judge entered a Report and Recommendation (Doc. 16) to which no objections have been filed. After due and proper consideration of all portions of this file deemed relevant to the issues raised, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court.

On February 5, 2019, the Court granted Sanders' request to proceed *in forma pauperis* but stayed service of process pending a review under 28 U.S.C. § 1915(e). *See* Doc. XX. On April 4, 2019, the Court determined the amended complaint on its face failed to establish jurisdiction and had legal defects. *See* Doc. 15. His second amended complaint was due on May 6, 2019. To date, Plaintiff failed to comply with the order.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*,

715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Plaintiff was sufficiently warned that his amended complaint was insufficient to establish federal jurisdiction, received clear instructions on further amending his complaint, and failed to respond. Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issue raised, it is **ORDERED** that the Report and Recommendation is **ADOPTED**. Plaintiff's action is **DISMISSED without prejudice** pursuant to a review under 28 U.S.C. § 1915(e)(2)(B)[1] for lack of subject matter jurisdiction as well as failure to prosecute and obey Court orders under FED. R. CIV. P. 41.

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this 22nd day of July, 2019.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).